UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| OLLIE M. DARBY, | : | Case No. 1:05-cv-826 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES DEPARTMENT | : | |
| OF ENERGY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT'S MOTION TO DISMISS (Doc. 5) BE GRANTED; AND (2) THIS CASE BE CLOSED**

This civil action is before the Court on defendant's motion to dismiss (Doc. 5) and the parties' responsive and supplemental memoranda (Docs. 7, 9, 10, 11, 12, 13).

Plaintiff Ollie M. Darby ("Plaintiff") initiated this case on December 30, 2005 by filing a *pro se* complaint against defendant United States Department of Energy ("Defendant"), her former employer, and attaching to her complaint copies of a decision, a denial of a request for reconsideration, and a right-to-sue notice from the United States Equal Employment Opportunity Commission ("EEOC").  (*See* Doc. 1 & atts.)  Plaintiff seeks an award of damages to redress alleged unlawful age and racial discrimination, retaliation, and reprisal. (*See id.* at pp. 2, 8, 14.)

---

[1]     Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, an African-American woman, was employed at a grade level of GS-14 by Defendant from August 1994 until her retirement in January 2001 and assigned to the office of the Chief Financial Officer in Miamisburg, Ohio.  (Doc. 1 at p. 2 & atts.)

In her complaint, Plaintiff claims: (a) that she was denied a temporary promotion to a position as Acting Budget Director; (b) that she was not selected for Budget Director, a position at the GS-15 grade level; (c) that Agency management failed to provide her with a timely annual performance review for fiscal year 2000; (d) that she was denied cash awards between 1996 and 2001; (e) that she was denied job duties of her choice and instead was assigned to a continuous series of unclassified job duties and given an unclassified job title; and (f) that she was ordered to perform duties outside her job description.  (*See id.*)   All of these claims were addressed in the EEOC decision issued on July 22, 2005, and they were the subject of the denial of reconsideration and right-to-sue notice issued on October 5, 2005.  (*See id.* & atts.)

Plaintiff filed the underlying agency complaint on May 23, 2001, and an unfavorable decision was issued on July 18, 2001.  (*See* Doc. 1-2 at p. 5.)  Plaintiff filed a timely appeal with the EEOC, which remanded five of her claims to the agency for further processing.  (*See id.*)  On December 4, 2003, the agency issued a Final Agency Decision dismissing certain of four of the five claims on the grounds that the matters raised therein had been raised in previously filed EEOC complaints.  (*See id.*)  The agency denied the remaining claim on the ground that Plaintiff failed to demonstrate that the agency's

articulated reasons for its actions were a pretext for discrimination and/or retaliation.  (*See id.* at pp. 6-7.)

On or about January 4, 2003,[2] Plaintiff filed a timely appeal with the EEOC.  The EEOC issued a split decision affirming in part and remanding in part on July 22, 2005.  (*See id.*)  Plaintiff was advised that she could seek reconsideration or file a civil action within 90 days from the date of her receipt of the decision or after 180 days of the date she filed her underlying complaint with the agency.  (*See id.* at pp. 10-11.)

Plaintiff chose to request reconsideration, and her request was denied on October 5, 2005.  (*See id.* at pp.1-3.)

On December 30, 2005, Plaintiff filed the instant action reasserting her claims of discrimination and retaliation.  (Doc. 1.)  She also seeks damages based on emotional distress and mental anguish, humiliation, professional embarrassment, and alleged violations of the Equal Pay Act, 29 U.S.C. § 206.  (*See id.* at pp. 8-11, 14-16.)

Between December 2001 and June 2002, Plaintiff filed five other complaints against the Department of Energy, in which she also alleged racial discrimination, retaliation and reprisal during the course of her employment with Defendant.  The five prior cases were consolidated and summary judgment was entered in favor of Defendant.  *See Ollie M. Darby v. United States Dep't of Energy*, Nos. 1:02-cv-933, 1:02-cv-936,

---

[2]     Although the record does not provide the date on which plaintiff filed her appeal, the EEOC decision noted that her appeal was "timely."  (*See* Doc. 1-2 at p. 4.)  Federal regulations provide that appeals to the Commission must be filed within 30 days of receipt of the dismissal, final action or decision.  *See* 29 C.F.R. § 1614.402(a).

1:02-cv-937, 1:03-cv-291, 1:03-cv-292 (S.D. Ohio Aug. 24, 2005) (order granting

summary judgment for defendant) (*Darby I*), *aff'd*, No. 05-4325 (6th Cir. June 8, 2006).

On March 7, 2006, Defendant filed the motion to dismiss which is now before the

Court.  Defendant maintains that the present action is barred by the doctrines of *res

judicata* and claim preclusion.  (*See* Doc. 5.)

## II. DISCUSSION

*Res judicata* consists of two preclusion concepts: issue preclusion and claim

preclusion.  *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984).

Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter

that has been litigated and decided.  *Id.*  Claim preclusion refers to the effect of a

judgment in foreclosing litigation of a matter that never has been litigated, because of a

determination that it should have been advanced in an earlier suit.  *Id.*

> Claim preclusion is the doctrine by which a final judgment on the merits in
> an action precludes a party from bringing a subsequent lawsuit on the same
> claim or raising a new defense to defeat a prior judgment. . . .  It precludes
> not only relitigating a claim previously adjudicated; it also precludes
> litigating a claim or defense that should have been raised, but was not, in
> the prior suit.

*Mitchell v. Chapman*, 819 (6th Cir. 2003), *cert. denied*, 542 U.S. 937 (2004).  In other

words, "[t]he doctrine precludes litigation of claims that 'were previously available to the

parties, regardless of whether they were asserted or determined in the first proceeding.'"

*E.E.O.C. v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 462-63 (6th Cir. 1999)

(quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).

Claim preclusion bars relitigation if the following four requirements are met: (1) the prior decision was a final decision on the merits; (2) the present action is between the same parties or their privies as those to the prior action; (3) the claim in a present action was or could have been raised in the prior action; and (4) where an identity exists between the prior and present actions, that is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. *Id.*; *see also Westwood Chem. Co. v. Klick*, 656 F.2d 1224, 1227 (6th Cir. 1981).

The present action is barred by claim preclusion because all four elements are met.

## A.

First, claim preclusion applies because the summary judgment dismissing Plaintiff's consolidated claims in *Darby I* was a decision on the merits. *See, e.g., Cox v. Tennessee Valley Auth.*, No. 93-5231, 1994 WL 43433, at *1 n.1 (6th Cir. Feb. 10, 1994) ("It is well established that for *res judicata* purposes, summary judgment constitutes a final judgment on the merits.").

## B.

Second, all six cases (*Darby I* and the present case) involve an identity of parties. Plaintiff argues, in part, that claim preclusion does not apply because the present case is based on incidents which involved different co-workers or supervisors than were involved in the incidents presented in the previous cases. Her argument lacks merit.

It is clear from a review of the district court's records that none of the individual coworkers or supervisors were named as defendants or parties in any of these actions.

The Department of Energy, however, named as defendant in the present action, was also named as a defendant in each of the five consolidated cases referred to here as *Darby I*.

## C.

Third, claim preclusion applies because the claims in the present action were, or could have been, raised in *Darby I*.

Even though Plaintiff did not receive her right-to-sue letter on the claims she seeks to assert in the present case until after the prior consolidated lawsuits were adjudicated on the merits, that does not mean that her claims are not subject to claim preclusion.

The courts that have addressed the question  –  whether *res judicata* bars claimants who had not yet received their right-to-sue letters when their first lawsuits were pending from bringing subsequent lawsuits based upon the same set of operative facts  –  have concluded that subsequent lawsuits to enforce Title VII rights are precluded.  *See, e.g., Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714-15 (9th Cir. 2001) (listing cases).  A second lawsuit may be barred where the plaintiff had time to secure a right-to-sue letter during the pendency of the first lawsuit, and could have sought a stay until such letter was received.  *See id.*; *see also Heylinger v. State Univ. & Cmty. College Sys.*, 126 F.3d 849, 856 (6th Cir. 1997), *cert. denied*, 522 U.S. 1117 (1998).  *Res judicata* also bars subsequent litigation claims where the plaintiff was not diligent in attempting to bring her claims together in a single action.  *See Heylinger*, 126 F.3d at 856.

A review of the docket sheets and records in each of the prior five consolidated cases reveals that Plaintiff did not seek either a stay nor leave to amend any of her prior

complaints to include the present allegations.[3]

Moreover, there is no evidence in the record to show that Plaintiff acted with diligence in seeking a right-to-sue letter from the EEOC on the administrative complaint underlying the present action. Plaintiff filed her administrative complaint on May 23, 2001, and the agency issued its decision on July 18, 2001. (*See* Doc. 1-2 at p. 4.) Plaintiff appealed the decision and, after a remand, a final agency decision (FAD) was issued on December 4, 2003. (*See id.* at p. 6.) Subsequently, she filed a timely appeal with the EEOC ,which issued its decision on July 22, 2005. (*See id.* at 4-11.) Plaintiff was advised at that time that she could request reconsideration by the EEOC or file a civil action "in an appropriate United States District Court within ninety (90) calendar days" of the date she received the decision. (*Id.* at p. 10.) She was also advised of her right to file a civil action after one hundred eighty days of the date she filed her complaint with the agency. (*Id.* at pp. 10-11.) Federal regulations further provide that a plaintiff need not wait for the EEOC to issue a right-to-sue letter but may request one 180 days after filing an EEOC complaint. *See* 29 C.F.R. § 1601.28(a)(1), (d)(2); *Heylinger*, 126 F.3d at 855-

---

[3]     Although Plaintiff filed a motion for leave to amend in case No. 1:02-cv-937, she did not attach a proposed amended complaint nor identify any allegations to be added.. *See Darby v. U.S. Dep't of Energy*, No. 1:02-cv-937, Doc. 10. The motion for amendment, in its entirety, reads,  as follows:

> Now comes the Appellant, Ollie M. Darby[,] and hereby respectfully moves the Court for permission to amend Plaintiff's case to further clarify and state for the court more specific facts of Plaintiff's case, [for] which relief can be granted.

*Id.*

56; *see also Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 40 (2d Cir. 1992) (holding that Title VII claims were precluded where plaintiff could have sought a right-to-sue letter and amended complaint in pre-existing federal lawsuit to include those claims), *cert. denied*, 506 U.S. 1053 (1993).

Thus, in the case before the Court, it appears that on the date Plaintiff filed the earliest of her five prior actions, December 10, 2002, she knew that she had additional discrimination claims pending before the EEOC but did not seek a stay or leave of court to include those claims. Additionally, at that time, more than 180 days had elapsed since she filed the underlying charge on May 23, 2001.

Because Plaintiff could have requested a right-to-sue letter and amended her complaints in *Darby I* to add the current allegations, the third requirement for claim preclusion is met.

### D.

Finally, there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Although "[r]es judicata does not bar parties from bringing claims based on material facts that were not in existence when they brought the original suit," *see Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 216 (D.C. Cir. 2004), Plaintiff does not present any new conditions, facts, or evidence in the pending complaint that were not raised, or able to be raised, before *Darby I* was dismissed. All of the events on which Plaintiff bases her claims took place before her separation from her employment with the Department of Energy and before she filed her first complaint on

December 10, 2002.  Plaintiff has not alleged any facts that were not in existence when she brought her original lawsuit.

## E.

Plaintiff argues that her claims should not be barred by the application of *res judicata* because she is proceeding in this matter *pro se*.  This argument also fails.

It is well established that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the Supreme Court has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."  *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Thus, courts routinely refuse to grant special or preferential treatment to *pro se* parties in responding to summary judgment motions, *see Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988); *West v. Adecco Employment Agency*, 124 Fed. Appx. 991, 992 (6th Cir. 2005); and, indeed, most specifically, courts have also refused to exempt *pro se* plaintiffs from the doctrine of *res judicata.  See Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-06 (2d Cir. 2002).

## F.

Finally, Plaintiff's assertion that her Equal Pay claims should be allowed to proceed also lacks merit.  Even if her claims were exempt from *res judicata* (which they are not), her claims would be subject to dismissal as time-barred.  *See* 29 U.S.C. § 255(a); *Gandy v. Sullivan County*, 24 F.3d 861, 863 (6th Cir. 1994).

An Equal Pay Act claim based on a willful violation must be filed within three years of the accrual of the cause of action.  *See Gandy*, 24 F.3d at 863.  The latest of Plaintiff's claims under the Equal Pay Act is based on work performed between September 18, 2000 and February 2001.  (*See* Doc. 1 at p. 8.)  Thus she was required to bring an Equal Pay Act claim before March 2004 to avoid being entirely time-barred. The instant complaint, filed December 30, 2005, was untimely.

The Equal Pay Act, moreover, prohibits discrimination on the basis of sex in the payment of wages and does not purport to address other types of discrimination.  *See* 29 U.S.C. § 206(d)(1); *see Conner v. West*, 56 Fed. Appx. 229, 231 (6th Cir. 2003). Plaintiff's claims are based on race and age.  (*See* Doc. 1 at p. 2.)

### III. CONCLUSION

For the reasons stated, **IT THEREFORE RECOMMENDED** that Defendant's motion to dismiss the present action as barred by the doctrines of *res judicata* and claim preclusion (Doc. 5) should be **GRANTED** and, as no further matters remain pending for this Court's review, that this case should be **CLOSED.**


Date:   __3/19/07_____                    s/Timothy S. Black_____
                                             Timothy S. Black
                                             United States Magistrate Judge

-10-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| OLLIE M. DARBY, | : | Case No. 1:05-cv-826 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES DEPARTMENT | : | |
| OF ENERGY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

-11-